## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

**B2 VENTURES, LLC,**
**a Florida limited liability company,**

        Plaintiff,

v.

**PRACTICE CATAPULT, LLC,**
**a Michigan limited liability company,**

        Defendant,

### COMPLAINT

Plaintiff, B2 Ventures, LLC ("B2"), respectfully brings this Complaint against Defendant, Practice Catapult, LLC ("Practice Catapult"), for trademark infringement and other related claims, and in support thereof states:

### INTRODUCTION

1. B2 offers a full service, HIPAA compliant, cloud-based suite of orthodontic practice management software applications, including a financial presentation system, digital signature platform, real time practice analytics, automated follow-up protocols, workflow management tools, electronic and home payment applications, and automated collections protocols. B2's software applications are used by hundreds of orthodontic practices throughout the United States and are the recognized leader in the orthodontic practice management industry.

2. B2 originally marketed and promoted its suite of software applications under the trademark ORTHOCALC. Thereafter, while continuing to use the ORTHOCALC mark, B2 began to also market its suite of software applications under the mark SYMPLCONSULT. For example,

B2 markets its software applications through websites that can be accessed through www.orthocalc.com and www.symplconsult.com. These marks are well known in the orthodontic industry and are synonymous with the high quality, state-of-the-art orthodontic practice management software offered by B2.

3. Practice Catapult recently began offering orthodontic practice management software applications under the trademark OTHOCALCULATOR that directly competes with B2's software suite. As part of its marketing efforts, Practice Catapult established a website that can be reached through the domains orthocatapult.com and orthocalculator.com.

4. Then, in a direct attempt to confuse and steal individuals searching for B2's website at www.symplconsult.com, Practice Catapult registered the domain name simplconsult.com, which takes individuals to its website at www.orthocatapult.com.

5. Practice Catapult's actions described above and in further detail below constitute trademark infringement and unfair competition.

6. As a result of Practice Catapult's improper actions, B2 has suffered damages and harm, and will continue to suffer damages and harm unless enjoined by this Court.

### *PARTIES*

7. B2 is a Florida limited liability company with its principal place of business at 3029 E. Commercial Boulevard, Fort Lauderdale, Florida 33308. B2 provides HIPAA compliant, full service, state-of-the-art software applications to orthodontic practices to streamline the patient process from start to finish.

8. Practice Catapult is a Michigan limited liability company with its principal place of business at 9790 Gratiot Road, Suite 1, Saginaw, Michigan 48609. Practice Catapult provides

practice management software applications to orthodontic practices throughout the country. Practice Catapult's software applications compete directly with B2's software applications.

## JURISDICTION AND VENUE

9. This action arises under the United States Trademark Act, 15 U.S.C. §1051 *et. seq.* (the "Lanham Act"). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

10. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as it involves a dispute between citizens of different states and the amount in controversy is over $75,000.00, exclusive of interests and costs. Each of B2's members are residents of Florida while Practice Catapult is a resident of Michigan.

11. This Court has personal jurisdiction over Practice Catapult as it markets and promotes its goods and services across the country, including in this Judicial District, using trademarks that infringe trademarks owned and used by B2. These improper acts of trademark infringement and unfair competition have caused B2 injury in this Judicial District.

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391.

## FACTUAL ALLEGATIONS

A. *B2's Product and Marketing Efforts*

13. B2 offers a full service, HIPAA compliant, cloud-based suite of software applications to orthodontic practices to streamline the patient process from start to finish. B2's practice management software includes: (i) a financial presentation system that streamlines financial presentations for staff and patients; (ii) a digital signature platform that allows patients to sign documents electronically from any location; (iii) real-time practice analytics that provide up to the minute performance data; (iv) automated follow-up protocols that increase patient

retention; (v) workflow management tools for treatment coordinators; (vi) electronic and home payment applications allowing patients to make payments anytime; and (vii) automated collections protocols to facilitate and streamline payment collection efforts.

14. Development of B2's software applications began in 2016. In anticipation of the completion of its software, B2's founders, in August of 2016, registered the domain orthocalc.com intending to market and promote its suite of software applications under the trademark ORTHOCALC.

15. On October 9, 2016, B2 launched its website at the domain orthocalc.com marketing the Orthocalc software suite.

16. With the launch of its website, B2 began aggressively marketing its suite of software products under the ORTHOCALC trademark. In particular, B2 began an aggressive campaign of directly contacting orthodontists throughout the country introducing them to the Orthocalc software. A printout from B2's customer relations management software identifying a small number of the direct contacts made by B2's sales team to orthodontists around the country during B2's early marketing efforts is included below.



B2 continues to utilize a direct marketing campaign as part of its efforts to market and promote the Orthocalc suite of software applications to orthodontists throughout the United States.

17.     B2 also began an aggressive marketing campaign featuring the ORTHCALC trademark through social media sites, including Facebook; campaigns that continue to this day. Examples of B2's Facebook marketing are set forth below.







18.     As a result of its marketing efforts, B2 licensed its software suite to its first customer in October 2016 with additional practice groups entering into license agreements throughout November and December 2016.

19.     B2 continues to market its software suite to orthodontist practices under the ORTHOCALC trademark.  These marketing efforts have resulted in orthodontists throughout the United States entering into license agreements to use the Orthocalc software to manage their practices from 2016 through the present day.  Orthocalc is now considered to be the gold standard of orthodontist practice management software applications.

### B. *Practice Catapult's Inability to Offer Any Software*

20.     On or about February 3, 2017, Paul Shank, who, upon information and belief, was at the time, and continues to be, Practice Catapult's Chief Executive Officer, contacted B2 seeking to schedule a demonstration of the Orthocalc software. B2 understood from Mr. Shank's desire to attend a demonstration of the Orthocalc software that Practice Catapult did not have any software application to offer to orthodontist practices but was instead researching the capabilities and functionality of such applications offered by others.

21.     In further support of B2's belief that Practice Catapult did not offer any software application in the early part of 2017 was Practice Catapult's failure to attend the Annual Session sponsored by the American Association of Orthodontist ("AAO") in San Diego from April 22 to April 25, 2017. The AAO Annual Session is the premier gathering of orthodontists in the United States and is a "must attend" for any vendor offering software systems, equipment, or other goods and services to the orthodontic industry. B2, under the ORTHOCALC trademark, had a booth at this critical industry trade show (Booth 3641), while Practice Catapult did not.

22.     Further evidencing Practice Catapult's inability to offer a software application for the management of orthodontic practices in 2017, or even the early part of 2018, was a statement on its website as late as April 2018 that the software was not available, but would be available in Spring, 2018. A screenshot from Practice Catapult's website in April 3, 2018 at 6:13 p.m. E.T. is set forth below.



23. Finally, using the internet archive Wayback Machine, B2 determined that the first presentation of a website at Practice Catapult's domain orthocatapult.com wherein Practice Catapult's markets and promotes its competitive orthodontic practice management software was August 6, 2018.

24. As a result, B2 reasonably believes that Practice Catapult could not offer an orthodontic software application until the Spring of 2018 and that it did not begin marketing that application at a website at the domain orthocatapult.com until at least August 6, 2018.

       C. *Practice Catapult's Trademark Infringement and Unfair Competition*

25. Notwithstanding the very strong evidence indicating that Practice Catapult was not offering, or even able to offer, any orthodontic practice management software until 2018, Practice Catapult claims it first used the trademark ORTHOCALCULATOR in February 2016 merely because it registered the domain orthocalculator.com at that time. Mere registration of a domain does not, however, provide the registrant with any trademark rights, particularly where the registrant is unable to offer any products.

26. In support of its flawed position that its mere registration of a domain provides it with trademark rights, Practice Catapult, on August 16, 2017, filed an application to register the ORTHOCALCULATOR trademark with United States Patent and Trademark Office ("USPTO") claiming a date of first use of February 2, 2016 to market and promote "software as a service (SAAS) services featuring software for orthodontic practice management, patient education, and payment planning."

27. B2 first learned of Practice Catapult's claimed rights in the ORTHOCALCULATOR mark in or about March 2018. As a result, on March 21, 2018, B2's counsel sent Practice Catapult a letter requesting that it withdraw its USPTO application to register the ORTHOCALCULATOR mark and to stop using the ORTHOCALCULATOR mark because of B2's senior use of the ORTHOCALC mark.

28. Practice Catapult refused to cease use of the ORTHOCALCULATOR trademark or withdraw its trademark registration application.

29. For a variety of business reasons, and, at least in part, because of Practice Catapult's improper use of the ORTHOCALCULATOR trademark, B2 began to shift its marketing focus from the ORTHOCALC trademark to a new mark - SYMPLCONSULT. Among other things, B2 rebranded its social media sites to SYMPLCONSULT and established a website at the domain symplconsult.com.

30. Earlier this year, a number of clients informed B2 that they mistakenly typed in simplconsult.com when attempting to find the B2 website at symplconsult.com, and, as a result, were directed to Practice Catapult's website at orthocatapult.com. Practice Catapult was not using the SYMPLCONSULT or SIMPLCONSULT marks, but rather registered a common misspelling of B2's symplconsult.com domain to improperly redirect browsers to its orthocatapult.com

website. This registration and use of the simplconsult.com domain to redirect individuals away from B2's website at [www.symplconsult.com](www.symplconsult.com) is improper and done with the fraudulent intent to unfairly compete with B2 and mislead consumers.

31. Practice Catapult's use of the ORTHOCALCULATOR trademark and simplconsult.com domain is likely to cause confusion, mistake, and/or deception as to the origin of Practice Catapult's software applications; namely, the public, orthodontists, and others are likely to believe that Practice Catapult's software applications are provided, sponsored, approved, endorsed, or licensed by B2, or somehow affiliated with B2's software applications. Indeed, multiple individuals have already been confused.

32. Upon information and belief, Practice Catapult's use of the ORTHOCALCULATOR mark and the simplconsult.com domain is intended to improperly trade off B2's goodwill and to confuse customers and potential customers into believing that a relationship exists between B2's orthodontic practice management software applications and Practice Catapult's competitive applications.

33. As a result of Practice Catapult's trademark and unfair competition, B2 has suffered, and continues to suffer damages.

## FIRST CAUSE OF ACTION
## LANHAM ACT UNFAIR COMPETITION

34. B2 repeats and realleges Paragraphs 1 through 33 as if fully set forth herein.

35. B2 has used the ORTHOCALC mark to market and promote its orthodontic practice management software applications since at least October 2016. Accordingly, B2 has significant rights to the ORTHOCALC mark.

36.     As a result of B2's consistent and wide spread use of the ORTHOCALC trademark for nearly four (4) years and its significant investment in that mark, the ORTHOCALC mark has become well-known and is a valuable and critical asset of B2.

37.     B2 has furthered used the SYMPLCONSULT mark and the domain symplconsult.com to market and promote its orthodontic practice management software applications. As a result of B2's consistent and wide spread use of the SYMPLCONSULT mark and its significant investment in that mark, the SYMPLCONSULT mark has become well-known and is a valuable and critical asset of B2.

38.     Practice Catapult's junior use of the ORTHOCALCULATOR mark is likely to cause confusion, mistake, and/or deception as to the source and origin of Practice Catapult's orthodontic practice management software application; namely, the public, orthodontists, and others are likely to believe that Practice Catapult's software application is provided, sponsored, approved, endorsed, or licensed by B2 or affiliated with B2's orthodontic practice management software suite.

39.     Practice Catapult's junior use of the simplconsult.com domain is likely to cause confusion, mistake, and/or deception as to the source and origin of Practice Catapult's orthodontic practice management software application; namely, the public, orthodontists, and others are likely to believe that Practice Catapult's software application is provided, sponsored, approved, endorsed, or licensed by B2 or affiliated with B2's orthodontic practice management software suite.

40.     Practice Catapult's actions in this regard are in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

41. B2 has suffered significant damages and harm as a result of Practice Catapult's improper actions, and will likely continue to suffer such damages and harm unless such improper actions are enjoined by this Court.

WHEREFORE, Plaintiff, B2 Ventures LLC, respectfully requests that:

A. The Court enter an injunction ordering that Practice Catapult, as well as its agents, officers, employees, and all other persons in privity or acting in concert with it, be enjoined from using the ORTHOCALCULATOR mark or the simplconsult.com domain, or any other marks or domains confusingly similar to the ORTHOCALC mark and symplconsult.com domain, to advertise or promote its business or any other business relating to the license of orthodontic practice management software applications;

B. The Court enter an order against Practice Catapult awarding B2 damages for Practice Catapult's improper actions identified above in an amount to be determined by the Court, but in no event, less than $75,000.00;

C. The Court enter an order against Practice Catapult awarding B2 an amount equal to the amounts incurred by it in prosecuting its claims in this matter, including amounts for reasonable attorneys' fees and costs;

D. The Court enter an order requiring Practice Catapult to transfer the simplconsult.com domain to B2; and

E. The Court enter an order awarding such other relief as it may deem appropriate.

## SECOND CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT AND
## UNFAIR COMPETITION

42. B2 repeats and realleges Paragraphs 1 through 41 as if fully set forth herein.

43. B2 has used the ORTHOCALC mark to market and promote its orthodontic practice management software applications since at least October 2016. Accordingly, B2 has significant rights to the ORTHOCALC mark. As a result of B2's consistent use of the ORTHOCALC trademark for nearly four (4) years and its significant investment in that mark, the ORTHOCALC mark has become well-known and is a valuable and critical asset of B2.

44. B2 has furthered used the SYMPLCONSULT mark and the domain symplconsult.com to market and promote its orthodontic practice management software applications. As a result of B2's consistent and wide spread use of the SYMPLCONSULT mark and the sympleconsult.com domain, and its significant investment in that mark and domain, the SYMPLCONSULT mark and sympleconsult.com domain have become well-known and are valuable and critical assets of B2.

45. Practice Catapult's junior use of the ORTHOCALCULATOR mark is likely to cause confusion, mistake, and/or deception as to the source and origin of Practice Catapult's orthodontic practice management software application; namely, the public, orthodontists, and others are likely to believe that Practice Catapult's software application is provided, sponsored, approved, endorsed, or licensed by B2 or affiliated with B2's orthodontic practice management software suite.

46. Practice Catapult's junior use of the simplconsult.com domain is likely to cause confusion, mistake, and/or deception as to the source and origin of Practice Catapult's orthodontic practice management software application; namely, the public, orthodontists, and others are likely

to believe that Practice Catapult's software application is provided, sponsored, approved, endorsed, or licensed by B2 or affiliated with B2's orthodontic practice management software suite.

47. Practice Catapult's actions in this regard constitute common law trademark infringement and unfair competition.

48. Practice Catapult has suffered significant damages and harm as a result of Practice Catapult's improper actions, and will likely continue to suffer such damages and harm unless such improper actions are enjoined by this Court.

WHEREFORE, Plaintiff, B2 Ventures LLC, respectfully requests that:

A. The Court enter an injunction ordering that Practice Catapult, as well as its agents, officers, employees, and all other persons in privity or acting in concert with it, be enjoined from using the ORTHOCALCULATOR mark or the simplconsult.com domain, or any other marks or domains confusingly similar to the ORTHOCALC mark and symplconsult.com domain, to advertise or promote its business or any other business relating to the license of orthodontic practice management software applications;

B. The Court enter an order against Practice Catapult awarding B2 damages for Practice Catapult's improper actions identified above in an amount to be determined by the Court, but in no event, less than $75,000.00;

C. The Court enter an order against Practice Catapult awarding B2 an amount equal to the amounts incurred by it in prosecuting its claims in this matter, including amounts for reasonable attorneys' fees and costs;

D. The Court enter an order requiring Practice Catapult to transfer the simplconsult.com domain to B2; and

E.  The Court enter an order awarding such other relief as it may deem appropriate.

## THIRD CAUSE OF ACTION
## FLORIDA UNFAIR COMPETITION VIOLATION

49. B2 repeats and realleges Paragraphs 1 through 48 as if fully set forth herein.

50. B2 has used the ORTHOCALC mark to market and promote its orthodontic practice management software applications since at least October 2016. Accordingly, B2 has significant rights to the ORTHOCALC mark.

51. As a result of B2's consistent use of the ORTHOCALC trademark for nearly four (4) years and its significant investment in that mark, the ORTHOCALC mark has become famous and are valuable and critical assets of B2.

52. B2 has furthered used the SYMPLCONSULT mark and the domain symplconsult.com to market and promote its orthodontic practice management software applications. As a result of B2's consistent and wide spread use of the SYMPLCONSULT mark and its significant investment in that mark, the SYMPLCONSULT mark has become famous and is a valuable and critical asset of B2.

53. Practice Catapult's junior use of the ORTHOCALCULATOR mark is likely to cause confusion, mistake, and/or deception as to the source and origin of Practice Catapult's orthodontic practice management software application; namely, the public, orthodontists, and others are likely to believe that Practice Catapult's software application is provided, sponsored, approved, endorsed, or licensed by B2 or affiliated with B2's orthodontic practice management software suite.

54. Practice Catapult's junior use of the simplconsult.com domain is likely to cause confusion, mistake, and/or deception as to the source and origin of Practice Catapult's orthodontic

practice management software application; namely, the public, orthodontists, and others are likely to believe that Practice Catapult's software application is provided, sponsored, approved, endorsed, or licensed by B2 or affiliated with B2's orthodontic practice management software suite.

55. Practice Catapult's actions in this regard constitute a violation of Florida's Deceptive and Unfair Trade Practices Act, FL Stat. §§ 501.203 – 501.213.

56. Practice Catapult has suffered significant damages and harm as a result of Practice Catapult's improper actions, and will likely continue to suffer such damages and harm unless such improper actions are enjoined by this Court.

WHEREFORE, Plaintiff, B2 Ventures LLC, respectfully requests that:

A. The Court enter an injunction ordering that Practice Catapult, as well as its agents, officers, employees, and all other persons in privity or acting in concert with it, be enjoined from using the ORTHOCALCULATOR mark or the simplconsult.com domain, or any other marks or domains confusingly similar to the ORTHOCALC mark and symplconsult.com domain, to advertise or promote its business or any other business relating to the license of orthodontic practice management software applications;

B. The Court enter an order against Practice Catapult awarding B2 damages for Practice Catapult's improper actions identified above in an amount to be determined by the Court, but in no event, less than $75,000.00;

C. The Court enter an order against Practice Catapult awarding B2 an amount equal to the amounts incurred by it in prosecuting its claims in this matter, including amounts for reasonable attorneys' fees and costs;

    D.  The Court enter an order requiring Practice Catapult to transfer the simplconsult.com domain to B2; and

    E.  The Court enter an order awarding such other relief as it may deem appropriate.

## FOURTH CAUSE OF ACTION
### PETITION TO CANCEL REGISTRATION

57. B2 repeats and realleges Paragraphs 1 through 56 as if fully set forth herein.

58. B2 respectfully requests that the Court exercise its authority pursuant to 15 U.S.C. §§1064 and 1119 to cancel Practice Catapult's registration with the USPTO as the trademark registration for the ORTHOCALCULATOR mark was obtained fraudulently and otherwise contrary to the provisions of 15 U.S.C. §1054.

59. Alternatively, B2 respectfully requests that the Court cancel the registration on the basis that Practice Catapult's ORTHOCACULATOR mark is confusingly similar to B2's ORTHCALC mark and that B2 has senior rights to the ORTHOCALC mark.

60. B2 will be damaged by the continued registration of the ORTHOCALC mark by Practice Catapult.

WHEREFORE, Plaintiff, B2 Ventures LLC, respectfully requests that the Court enter an order requiring the United States Patent and Trademark Office to cancel Practice Catapult's registration of the ORTHOCALCULATOR mark, and determining that B2 has superior rights to registration of the ORTHOCALC mark;

### DEMAND FOR JURY TRIAL

B2 demands a jury trial on all issues so triable.

Respectfully submitted,

_____
Samuel Coffey, Esq.
COFFEY TRIAL LAW
500 NE 4th Street #100
Fort Lauderdale, FL 33301
Telephone: (954) 541-3194
pleadings@ct-law.com
*Counsel for B2 Ventures, LLC*

Of counsel (*pro hac vice* motion to be filed)
Steven E. Tiller
WHITEFORD TAYLOR PRESTON LLP
7 Saint Paul Street, Suite 1500
Baltimore, MD 21202-1636
Telephone: 410-347-9425
stiller@wtplaw.com