UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 19-cv-62533-CMA
Civil - Altonaga

| | |
|---|---|
| B2 Ventures, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Practice Catapult, LLC | ) |
| | ) |
| Defendant/Counter-Plaintiff. | ) |

**DEFENDANT/COUNTER-PLAINTIFF, PRACTICE CATAPULT, LLC'S, ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendant/Counter-Plaintiff, Practice Catapult, LLC ("Practice Catapult" or "Defendant"), by and through its undersigned counsel, denies each and every allegation except as admitted or qualified as follows:

1. Practice Catapult lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

2. Practice Catapult lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

3. Practice Catapult lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

4. Practice Catapult admits only that it owns *simplconsult.com* and that the domain points to Practice Catapult's website at *orthocatapult.com*. Practice Catapult denies the remaining allegations.

5. Denied.

6. Denied.

7. Practice Catapult lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

8. Admitted.

9. Practice Catapult lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

10. Practice Catapult lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

11. Practice Catapult lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

12. Denied.

13. Practice Catapult lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

14. Practice Catapult lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

15. Practice Catapult lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

16. Practice Catapult lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

17. Practice Catapult lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

18. Practice Catapult lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

19. Practice Catapult lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

20. Practice Catapult admits that Paul Shank sought a demonstration of Plaintiff's software but denies the remaining allegations.

21. Practice Catapult admits it did not have a representative at the American Association of Orthodontists in San Diego in April of 2017. Practice Catapult denies the remaining allegations.

22. Practice Catapult admits that the webpage shown appeared on its website but denies the remaining allegations.

23. Denied.

24. Practice Catapult lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

25. Practice Catapult admits that its claimed first use of the ORTHOCALCULATOR trademark is in February 2016. As to the remaining allegations, Practice Catapult lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

26. Practice Catapult admits that it filed federal trademark application Serial No. 87/559,017 for ORTHOCALCULATOR on August 7, 2017 claiming a first use date of February 9, 2016. Practice Catapult denies this allegation insofar as it recites both an incorrect filing date and an incorrect first use date.

27. Practice Catapult admits that it received a letter from counsel stating they represented Plaintiff dated March 21, 2018 that discussed the subject matter of this lawsuit. Practice Catapult denies the remaining allegations.

28. Admitted.

29. Practice Catapult lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

30. Practice Catapult denies this allegation insofar as it pertains to Practice Catapult's intent. Practice Catapult lacks knowledge or information sufficient to form a belief as to the remaining portions of this allegation and therefore denies the same.

31. Practice Catapult denies that any of its actions have created a risk of consumer confusion. Practice Catapult lacks knowledge or information sufficient to form a belief as to the remaining portions of this allegation and therefore denies the same.

32. Denied.

33. Denied.

### FIRST CAUSE OF ACTION
### Lanham Act Unfair Competition

34. Practice Catapult repeats and realleges its answers to Paragraphs 1 through 33 as if fully set forth herein.

35. Practice Catapult lacks knowledge or information sufficient to form a belief as to the remaining portions of this allegation and therefore denies the same.

36. Practice Catapult lacks knowledge or information sufficient to form a belief as to the remaining portions of this allegation and therefore denies the same.

37. Practice Catapult lacks knowledge or information sufficient to form a belief as to the remaining portions of this allegation and therefore denies the same.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## SECOND CAUSE OF ACTION
### Common Law Trademark Infringement and Unfair Competition

42. Practice Catapult repeats and realleges its answers to Paragraphs 1 through 41 as if fully set forth herein.

43. Practice Catapult lacks knowledge or information sufficient to form a belief as to the remaining portions of this allegation and therefore denies the same.

44. Practice Catapult lacks knowledge or information sufficient to form a belief as to the remaining portions of this allegation and therefore denies the same.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## THIRD CAUSE OF ACTION
### Florida Unfair Competition Violation

49. Practice Catapult repeats and realleges its answers to Paragraphs 1 through 48 as if fully set forth herein.

50. Practice Catapult lacks knowledge or information sufficient to form a belief as to the remaining portions of this allegation and therefore denies the same.

51. Practice Catapult lacks knowledge or information sufficient to form a belief as to the remaining portions of this allegation and therefore denies the same.

52. Practice Catapult lacks knowledge or information sufficient to form a belief as to the remaining portions of this allegation and therefore denies the same.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

### FOURTH CAUSE OF ACTION
### Petition to Cancel Registration

57. Practice Catapult repeats and realleges its answers to Paragraphs 1 through 56 as if fully set forth herein.

58. Insofar as any answer is required, Practice Catapult denies this allegation.

59. Insofar as any answer is required, Practice Catapult denies this allegation.

60. Denied.

### AFFIRMATIVE DEFENSES

1. Plaintiff is not entitled to relief because Plaintiff has failed to state a claim upon which relief can be granted.

2. Practice Catapult has not infringed upon any applicable trademark under federal or state law.

3. Plaintiff is not entitled to relief because Plaintiff's claims are barred by the doctrine of unclean hands as Plaintiff is liable to Practice Catapult for trademark infringement and currently uses the domain *orthocalc.com* to direct consumers to Plaintiff's website.

4. Plaintiff is not entitled to relief because it owns no trademark rights in ORTHOCALC.

5. Plaintiff is not entitled to relief because it has abandoned any trademark rights in ORTHOCALC.

6. Plaintiff is not entitled to relief because Practice Catapult's rights in ORTHOCALCULATOR are senior to any rights asserted by Plaintiff.

7. Plaintiff is not entitled to relief because Plaintiff's claims are barred by the doctrine of laches.

## PRACTICE CATAPULT'S COUNTERCLAIMS

### Parties

1. Counter-Plaintiff Practice Catapult is a limited liability company organized under the laws of the State of Michigan.

2. Upon information and belief, Counter-Defendant B2 Ventures, LLC ("Counter-Defendant") is a limited liability company organized under the laws of the State of Florida.

### Jurisdiction and Venue

3. This action arises out of federal common law, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), and Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

5. Venue is proper by virtue of 28 U.S.C. § 1391.

### Facts

6. Practice Catapult's predecessor in interest was Consultation Tools LLC ("Consultation Tools"), a limited liability company formed on February 9, 2016 under the laws of the State of Michigan.

7. Consultation Tools began selling its software as a service under its ORTHOCALCULATOR trademark on February 9, 2016.

8. Consultation Tools began offering its software as a service under its ORTHOCALCULATOR trademark on February 9, 2016.

9. Consultation Tools transferred all rights in and to ORTHOCALCULATOR to Practice Catapult on May 9, 2017.

10. Practice Catapult owns the domains the domains *orthocalculator.com* and *orthocalculators.com*, which Practice Catapult or its predecessor in interest acquired in January and August of 2016, respectively.

11. Practice Catapult offers software for orthodontic practice management, patient education, and payment planning under ORTHOCALCULATOR (the "Practice Catapult Mark").

12. Practice Catapult or its predecessor in interest began using ORTHOCALCULATOR on February 9, 2016.

13. Practice Catapult owns common law trademark rights in and to the Practice Catapult Mark throughout the country dating back to 2016.

14. On August 7, 2016, Practice Catapult filed federal trademark application Serial No. 87/559,017 for ORTHOCALCULATOR (the "Practice Catapult Application").

15. On March 1, 2018, Practice Catapult received an inquiry from Dr. Ana Benedetti requesting a demonstration of Practice Catapult's software.

16. Upon information and belief, the March 1, 2018 inquiry received by Practice Catapult was actually sent by Brad Benedetti, a member of Counter-Defendant and husband of Dr. Ana Benedetti.

17. On March 1, 2018, Practice Catapult received three inquiries from Brad Benedetti requesting more information about Practice Catapult's software.

18. In 2018, Practice Catapult received a letter from counsel for Counter-Defendant asserting rights in ORTHOCALC and claiming that Practice Catapult's use and registration of ORTHOCALCULATOR created a likelihood of consumer confusion.

19. In an April 3, 2018 letter to counsel for Counter-Defendant, Practice Catapult's counsel described Practice Catapult's senior trademark rights and demanded that Counter-Defendant cease all use of ORTHOCALC as a trademark or as a formative in any other mark.

20. Upon information and belief, the next day, on April 4, 2018, Counter-Defendant filed federal trademark application Serial No. 87/863,145 for ORTHOCALC.

21. Upon information and belief, Counter-Defendant filed federal trademark application Serial No. 87/864,546 for ORTHOCALC & Design on April 5, 2018.

22. On April 6, 2018, Counter-Defendant's counsel sent an email requesting evidence of Practice Catapult's senior trademark rights in ORTHOCALCULATOR.

23. On April 10, 2018, Practice Catapult's counsel emailed a flyer featuring ORTHOCALCULATOR and a copyright notice reciting 2016 to counsel for Counter-Defendant.

24. The April 10, 2018 email from Practice Catapult's counsel to counsel for Counter-Defendant stated that Practice Catapult's counsel had "reviewed contracts showing payment and services provided by [Practice Catapult] under ORTHOCALCULATOR dating back to February 2016. Insofar as [Practice Catapult's] website references a launch, it is referring to an updated suite of software."

25. In an April 18, 2018 email, Counter-Defendant's counsel stated that the material provided by Practice Catapult was "not self-authenticating . . . ."

26. Practice Catapult did not hear from Counter-Defendant again until September 10, 2019.

27. On July 23, 2018, the United States Patent and Trademark Office ("USPTO") issued an Office Action stating that registration of application Serial No. 87/864,546 for ORTHOCALC & Design would be barred by the Practice Catapult Application if it matured to registration.

28. On July 23, 2018, the USPTO issued a Suspension Letter against federal trademark application Serial No. 87/863,145 for ORTHOCALC stating that the application would be barred from registration if the Practice Catapult Application matured to registration.

29. Upon information and belief, on July 24, 2018, Counter-Defendant registered the domain *symplconsult.com*.

30. On October 2, 2018, federal trademark application Serial No. 87/559,017 matured into federal trademark registration No. 5,573,114 for ORTHOCALCULATOR for "software as a service (SAAS) services featuring software for orthodontic practice management, patient education, and payment planning," in Class 42 ("Practice Catapult's Registration").

31. On January 31, 2019, the USPTO issued Office Actions refusing registration of federal trademark application Serial Nos. 87/864,546 and 87/863,145 for ORTHOCALC & Design and ORTHOCALC, respectively, on the grounds that registration of either would create a likelihood of confusion with the Practice Catapult Registration.

32. Upon information and belief, Counter-Defendant did not respond to the January 31, 2019 Office Actions that issued against its pending ORTHOCALC trademark applications.

33. Counter-Defendant's counsel emailed Practice Catapult's counsel on September 10, 2019 stating, in part, that Counter-Defendant had "shifted its marketing plans and began using the SYMPLCONSULT mark to promote its software suite" instead of ORTHOCALC.

34. Upon information and belief, Counter-Defendant has owned and used the domain *orthocalc.com* since August 17, 2016.

35. Since before September 10, 2019, Counter-Defendant redirected *orthocalc.com* to *symplconsult.com*.

36. Upon information and belief, Counter-Defendant never ceased use of ORTHOCALC as a trademark.

37. Upon information and belief, Counter-Defendant has never used the trademark notice TM in connection with SYMPLCONSULT.

38. Upon information and belief, Counter-Defendant owns no trademark rights in SYMPLCONSULT.

39. On October 16, 2019, the USPTO issued Notices of Abandonment with respect to Serial Nos. 87/864,546 and 87/863,145 for ORTHOCALC & Design and ORTHOCALC, respectively.

40. Counter-Defendant's use of ORTHOCALC and *orthocalc.com* creates a significant likelihood of consumer confusion.

## FIRST COUNTERCLAIM
### (Trademark Infringement, 15 U.S.C. § 1125)

41. Practice Catapult repeats and re-alleges the allegations of Paragraphs 1 through 40 above as if fully set forth herein.

42. Practice Catapult owns all rights, title, and interest in and to the Practice Catapult Registration and the Practice Catapult Mark.

43. Counter-Defendant has, without Practice Catapult's permission, used ORTHOCALC in interstate commerce in a manner that is likely to cause confusion or mistake or deceive purchasers and/or cause consumers to mistakenly believe that there is an affiliation, connection, approval, sponsorship, or association between Practice Catapult and/or its goods, services, or commercial activities, on the one hand, and Counter-Defendant and/or Counter-Defendant's respective goods, services, and/or commercial activities, on the other.

44. Counter-Defendant's aforementioned actions constitute federal trademark infringement under 15 U.S.C. § 1125.

45. As a direct and proximate result of Counter-Defendant's wrongful actions, Practice Catapult has suffered and continues to suffer and/or is likely to suffer damage to its trademark, business reputation, and goodwill.

46. Unless restrained, Counter-Defendant will continue to use ORTHOCALC, which is confusingly similar to the Practice Catapult Mark, and will continue causing Practice Catapult irreparable injury.

47. Counter-Defendant's wrongful actions were willful.

48. Practice Catapult is entitled to recover actual damages that it has sustained and/or is likely to sustain as a result of Counter-Defendant's wrongful acts.

49. Practice Catapult is entitled to recover exemplary damages.

50. Practice Catapult is entitled to recover its costs and reasonable attorneys' fees under 15 U.S.C. § 1117(a).

## SECOND COUNTERCLAIM
### (Common Law Trademark Infringement)

51. Practice Catapult repeats and re-alleges the allegations of Paragraphs 1 through 40 above as if fully set forth herein.

52. Practice Catapult has used ORTHOCALCULATOR since February 9, 2016.

53. Practice Catapult's use of the Practice Catapult Mark gave rise to common law trademark rights throughout the country.

54. Counter-Defendant began using ORTHOCALC on or after October 25, 2016.

55. Counter-Defendant's use of ORTHOCALC is likely to cause confusion or mistake or deceive purchasers and/or cause consumers to mistakenly believe that there is an affiliation, connection, approval, sponsorship, or association between Practice Catapult and/or its goods, services, or commercial activities, on the one hand, and Counter-Defendant and/or Counter-Defendant's respective goods, services, and/or commercial activities, on the other.

56. Counter-Defendant's use of ORTHOCALC constitutes trademark infringement at common law.

57. As a direct and proximate result of Counter-Defendant's wrongful actions, Practice Catapult has suffered and continues to suffer and/or is likely to suffer damage to its trademark, business reputation, and goodwill.

58. Unless restrained, Counter-Defendant will continue to use ORTHOCALC, which is confusingly similar to the Practice Catapult Mark, and will continue causing Practice Catapult irreparable injury.

59. Counter-Defendant's wrongful actions were willful.

60. Practice Catapult is entitled to recover actual damages that it has sustained and/or is likely to sustain as a result of Counter-Defendant's wrongful acts.

61. Practice Catapult is entitled to recover exemplary damages.

62. Practice Catapult is entitled to recover its costs and reasonable attorneys' fees under 15 U.S.C. § 1117(a).

## THIRD COUNTERCLAIM
### (Unfair Competition, 15 U.S.C. § 1125)

63. Practice Catapult repeats and re-alleges the allegations of Paragraphs 1 through 40 above as if fully set forth herein.

64. Counter-Defendant's use of ORTHOCALC in interstate commerce creates a false association between Counter-Defendant and Practice Catapult and is likely to cause consumer confusion.

65. Counter-Defendant's use of *orthocalc.com* creates a false association between Counter-Defendant and Practice Catapult and is likely to cause consumer confusion.

66. Counter-Defendant's use of ORTHOCALC constitutes unfair competition under 15 U.S.C. § 1125.

67. Practice Catapult has no adequate remedy at law and will continue to suffer irreparable harm to its reputation if Counter-Defendant's unlawful activities are not enjoined.

68. As a direct result of Counter-Defendant's unlawful activities described above, Plaintiff has suffered monetary damages in an amount to be determined at trial.

## FOURTH COUNTERCLAIM
### (Florida's Deceptive and Unfair Trade Practices Act, §§ 501.201 *et seq.*)

69. Practice Catapult repeats and re-alleges the allegations of Paragraphs 1 through 40 above as if fully set forth herein.

70. Counter-Defendant's unlawful actions described above constitute unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of trade or commerce.

71. Counter-Defendant's unlawful actions described above are likely to mislead consumers.

72. Counter-Defendant's unlawful actions described above are a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") §§ 501.201 *et seq.*

73. Counter-Defendant's unlawful actions described above were willful.

74. Practice Catapult is entitled to recover its actual damages under the FDUTPA.

75. Practice Catapult is entitled to recover its attorneys' fees and costs under the FDUTPA.

### FIFTH COUNTERCLAIM
### (Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))

76. Practice Catapult repeats and re-alleges the allegations of Paragraphs 1 through 40 above as if fully set forth herein.

77. Counter-Defendant registered *orthocalc.com* with a bad faith intent to profit from the domain.

78. Counter-Defendant knew about Practice Catapult's rights in and to ORTHOCALCULATOR at the time that it registered *orthocalc.com*.

79. Practice Catapult owned exclusive trademark rights to ORTHOCALCULATOR at the time that Counter-Defendant registered *orthocalc.com*.

80. ORTHOCALC is confusingly similar to the Practice Catapult Mark.

81. Counter-Defendant's use of the domain *orthocalc.com* has caused and continues to cause irreparable harm to Practice Catapult.

82. Unless enjoined, Counter-Defendant will continue using *orthocalc.com*.

83. Counter-Defendant acted in bad faith.

84. Practice Catapult is entitled to recover statutory damages under the Anti-Cybersquatting Protection Act, 15 U.S.C. § 1125(d).

WHEREFORE, Practice Catapult prays for judgment as follows:

1. Disgorgement of all gains, profits, and advantages derived by Counter-Defendant from its unlawful actions described above;

2. Compensatory damages;

3. Punitive damages;

4. Statutory damages;

5. Practice Catapult's costs and expenses;

6. Practice Catapult's attorneys' fees;

7. Injunctive relief barring Counter-Defendant from future infringement;

8. Injunctive relief barring Counter-Defendant from using ORTHOCALC or any confusingly similar variation thereof as a trademark in connection with any and all goods and/or services related to an orthodontic practice; and

9. Such other relief as the Court may deem just and proper.

## CERTIFICATE OF SERVICE

      I hereby certify that on November 6th, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

| | |
|---|---|
| **GEORGE GESTEN MCDONALD, PLLC** <br> 9897 Lake Worth Road, Suite #302 <br> Lake Worth, Florida 33467 <br> Telephone: (561) 232-6002 <br> Fax: (888) 421-4173 <br> E-Service: EService@4-justice.com <br><br> By: */s/ David J. George* <br> **DAVID J. GEORGE, ESQ.** <br> Florida Bar Number: 898570 <br> Emails: DGeorge@4-Justice.com <br> **MATTHEW R. CHIAPPERINI, ESQ.** <br> Florida Bar Number: 111417 <br> Emails: MChiapperini@4-Justice.com | **REVISION LEGAL, PLLC** <br> 244 5th Ave. Ste. 2230 <br> New York, New York 10001 <br> (t) 212.996.4103 <br> (f) 212.996.5863 <br> anderson@revisionlegal.com <br><br> By: /s/ Anderson J. Duff <br> **ANDERSON J. DUFF, ESQ.** <br> (*pro hac vice- pending*) |

## SERVICE LIST
B2 Ventures, LLC, vs. Practice Catapult, LLC <br>
Case No. 19-cv-62533-CMA

| **COFFEY TRIAL LAW** | **WHITEFORD TAYLOR PRESTON LLP** |
|---|---|
| Samuel Coffey, Esq. <br> 500 NE 4th Street, Suite 100 <br> Fort Lauderdale, Florida 33301 <br> Tel: (954) 541-3194 <br> pleadings@ct-law.com <br> *Counsel for B2 Ventures, LLC* | Steven E. Tiller, Esq. (admitted *pro hac vice*) <br> 7 Saint Paul Street, Suite 1500 <br> Baltimore, MD 21202-1636 <br> Tel: (410) 347-9425 <br> stiller@wtplaw.com |