UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-62533-SINGHAL/VALLE

B2 VENTURES, LLC

    Plaintiff,
v.

PRACTICE CATAPULT, LLC

    Defendant.
_____/

## CONFIDENTIALITY ORDER

This CAUSE comes before the Court upon Plaintiff's Motion to Enter Proposed Order Regarding Confidentiality ("Motion") (ECF No. 28). Plaintiff filed the Motion on May 13, 2020. Defendant's response was due by May 20, 2020. *See* (ECF No. 29). To date, however, Defendant has failed to respond to the Motion or to this Court's Order to Show Cause. *See* (ECF No. 30). Accordingly, the Motion is granted by default. The Confidentiality Order is adopted and entered substantially as drafted by Plaintiff, with the exception of Paragraph (1)(d)(iv), which has been revised as noted below. It is therefore **ORDERED**:

    1.    <u>Designation of Discovery Materials as Confidential</u>. All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, all deposition testimony and deposition exhibits, and any other documents or information produced during discovery shall be subject to this Order concerning confidential information, as set forth below:

    a.    The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL" or, if appropriate, "ATTORNEYS' EYES ONLY." One who provides

1

material may designate it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information which is in fact confidential. A party shall not routinely designate material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

    b.    Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within five (5) business days after receipt of the transcript. All portions of a deposition shall be treated as "ATTORNEYS' EYES ONLY" during the five (5) business day period after receipt of the transcript to permit any party to designate any portion of the transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Any testimony which describes a document which has been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as described above, shall also be

deemed to be automatically designated as such.

    c.    Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

    d.    The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

        i.    Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

        ii.    Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

        iii.    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

        iv.    Disclosure may be made to consultants, attorneys, investigators, or

experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. ~~Defendant's attorney, Gillis Green, shall be considered an expert under this Order.~~ Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

  e.   Documents designated as "ATTORNEY EYES ONLY" may be disclosed to only those persons identified in the preceding subparts of this paragraph, except that such information shall not be disclosed to a party or its employees as set forth in paragraph d(ii).

  f.   Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to maintain such documents in secure areas.

  g.   All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof shall be immediately affixed with the word "CONFIDENTIAL" or the words "ATTORNEYS' EYES ONLY" if those words do not already appear.

  2.   <u>Confidential Information Filed with Court</u>. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing, discussing, or referencing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion

pursuant to local rules (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (4) of this Confidentiality Order.

3. <u>Party Seeking Greater Protection Must Obtain Further Order</u>. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

4. <u>Challenging Designation of Confidentiality</u>. A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

5. <u>Return of Confidential Material at Conclusion of Litigation</u>. At the conclusion of the litigation, including any appeal, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

6. <u>Applicability to Documents and Information Produced by Third Parties</u>. As used throughout this order, "party" includes third parties provided that any such third party agrees in writing to be subject to the provisions of this Order.

7.  <u>Inadvertent Production of Privileged Material</u>. If a party at any time notifies any other party that it inadvertently produced documents or information that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity, or the receiving party discovers apparently privileged or work product material, the inadvertent production shall not be deemed a waiver of the applicable privilege or protection. The receiving party shall notify the producing party of any discovery of any apparently privileged material. In addition, the obligations of the receiving party shall be those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

8.  If a party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, that party must immediately: (a) notify in writing counsel for the designating party of the unauthorized disclosures, including all pertinent facts; (b) make every effort to prevent further unauthorized disclosure, including retrieving all copies of the Confidential Information from the recipient(s) thereof; and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and to destroy such Confidential Information. Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on June 2, 2020.

_(signature)_
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE